# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CORDARO DEANDRE SADDER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-1051 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cordaro Deandre Sadder-Bey brings this *pro se* action against Defendant City of Chicago under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Eighth Amendment rights as well as state law claims of assault and battery. Currently before the Court is the City's motion to dismiss the complaint [22] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the City's motion is granted. Plaintiff has until February 12, 2019 to file an amended complaint provided he can do so consistent with this opinion. Plaintiff is advised that he may wish to avail himself of the William J. Hibbler Pro Se Assistance Program by making an appointment on the 20th Floor of the Dirksen Federal Courthouse. This case is set for further status hearing on February 19, 2019 at 9:00 a.m.

Additionally, the Court grants the City's motion to stay MIDP Initial Disclosures Discovery and Other Discovery [27]; any discovery obligations will be deferred until after the Court considers Plaintiff's anticipated Amended Complaint.

I. **Background**[1]

On January 17, 2017, Officers J.E. Dibiase (Star No. 14050), Jonathan Morlock (Star No. 15358), M.O. Dercola (Star No. 15740), and G.D. Habiak Jr (Star No. 9921) (collectively "the Officers") of the Chicago Police Department allegedly pulled Plaintiff over for failing to stop at a stop sign. [1, ¶ III(1).] None of the officers were dressed in their uniform and were in an unmarked police car. [*Id.*] Plaintiff asserts that the Officers failed to identify themselves because they never provided three forms of identification given they were not in uniform, nor had their badges in sight. [*Id.* ¶ III(5).]

According to Plaintiff, Dibiase was the first officer to approach the car and asked Plaintiff for his driver's license. [*Id.* ¶ III(2).] When he refused to comply, Dibiase allegedly opened the car door and assaulted Plaintiff by telling him to "Get the F*** Out" while grabbing his body "with excessive force" to remove him from the car.[2] [*Id.* ¶ III(2).] Moments later, the three other officers approached the vehicle from both sides. [*Id.* ¶ III(3).] Morlock approached Plaintiff from the passenger side of the car and threatened to "taze" him three times if he did not step out of the vehicle. [*Id.* ¶ III(6).] Using "excessive force," Plaintiff alleges Morlock injured Plaintiff's right index finger and right ankle while removing him from the car. [*Id.* ¶ III(7).] Morlock and Dibiase also allegedly damaged the interior and exterior of Plaintiff's car while removing Plaintiff from it. [*Id.* ¶ III(8).] Morlock then placed Plaintiff under arrest, passed him to another officer, and proceeded to damage Plaintiff's private property. [*Id.* ¶ III(9).] The Officers then had the car

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Platinum's well-pleaded factual allegations and draws all reasonable inferences in Platinum's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] The Court notes that alleging an officer used "excessive force" is insufficient to state claim under § 1983. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (instructing courts to disregard conclusory allegations or formulaic recitations of a claim's elements). Rather, Plaintiff must allege facts from which the Court may plausibly infer that the officer used excessive force.

impounded. [*Id.* ¶ III(10).] Dercola and Habiak allegedly remained "indifferent through the entire stop/arrest." [*Id.* ¶ III(7).]

Later that day, the Officers asked Campbell to take the Plaintiff's fingerprints and facial photograph despite Plaintiff's refusal to cooperate. [*Id.* ¶ III(12).] Additionally, Morlock issued three traffic tickets for Operation of an Uninsured Vehicle, Failure to Stop at a Stop Sign, and Failure to Produce Driver's License. [*Id.* ¶ III(13).] On January 18, 2017, Plaintiff was transferred to the Cook County Jail and held on a $100,000 bond under Case No. 17101159. [*Id*. ¶ III(14).] Plaintiff was incarcerated from January 17 until January 24, 2017. [*Id.* ¶ III(15).] Because of this incarceration, Plaintiff lost his job, was evicted from his apartment, and suffered emotional distress and bodily injury. [*Id.* at 2.]

On February 12, 2018, Plaintiff filed this action alleging the City's officers had violated his "Life, Liberty, and Pursuit of Happiness, along with the 4th, 5th, and 8th Amendment U.S. Constitutional rights." [*Id.*] On June 12, 2018, the City filed the instant motion to dismiss. [22.] Plaintiff filed a response [24], and an unauthorized additional brief [30] regarding an argument raised in the City's motion to dismiss that requested "summary judgment" as to that issue. The City subsequently filed its reply [34] on July 13, 2018. The Court now resolves the City's motion.

II. **Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be

3

sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Additionally, courts must construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008)).

### III. Analysis

Plaintiff seeks relief against the City for alleged violations of his Fourth, Fifth, and Eighth Amendment rights by Chicago police officers during the incident described above. He also appears to assert claims for assault and battery arising from the same incident. The Court will address the two sets of allegations in turn.[3]

---

[3] Because the Court concludes that Plaintiff's complaint does not state a claim against the City under § 1983 generally, it has not addressed the question of whether he has adequately stated a claim under each constitutional provision, or if his Fourth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Nor will the Court address Plaintiff's "request for a summary judgment" on the *Heck* issue contained within his unauthorized brief filed on July 11, 2018. [30.] However, the Court notes that while the Fourth, Fifth, and Eighth Amendments only apply to the federal government, the Fourteenth Amendment's due process clause mirrors that of the Fifth. *See, e.g., Schlessinger v. Chicago Hous. Auth.*, 2012 WL 5520848, at *5–7 (N.D. Ill. Nov. 13, 2012) (construing plaintiff's

4

A. **42 U.S.C. § 1983**

Section 1983 allows an individual to sue any person who, under the color of state law, violates that individual's constitutional rights. 42 U.S.C. § 1983. In this case, Plaintiff asserts that the City of Chicago, acting through its police officers, violated his rights under the Fourth, Fifth, and Eighth Amendments. [12, at 1–3.] However, a municipality such as the City may not be sued under § 1983 for an injury inflicted solely by its employees or agents as there is no *respondeat superior* liability (*i.e.* employer liability) under the statute. See, e.g., *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1390 (7th Cir. 1984). Instead, to allege a § 1983 claim against a municipality such as the City, a plaintiff must allege an affirmative connection between the defendant and the alleged violation of his rights. *Monell*, 436 U.S. at 691. In other words, a city may only be held liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell,* 436 U.S. at 690; *Valentino v. Vill. of S. Chi. Heights,* 575 F.3d 664, 674 (7th Cir. 2009)).

Here, as explained above, Plaintiff alleges that the Officers falsely arrested him, used excessive force against him, and unlawfully seized and damaged his automobile and other property. He does not, however, provide any allegations to support a *Monell* claim. None of the allegations included in the complaint suggest that the injuries Plaintiff suffered may be traced to

---

Fifth Amendment due process claim against a municipal agency as a due process clause under the Fourteenth Amendment). Likewise, while the Eighth and Fourth Amendments do not apply against municipalities *per se*, the protections contained within them within have been applied to municipalities. See *Robinson v. California*, 370 U.S. 660 (1962) (incorporating the Eighth Amendment's right to be free from cruel and unusual punishment); *Mapp v. Ohio*, 367 U.S. 643 (1961) (incorporating the Fourth Amendment's prohibition of unreasonable searches and seizures).

an official policy, government practice or custom, or an official with final policy-making authority.[4] Accordingly, the Court must dismiss plaintiff's § 1983 claim against the City for failing to state a claim. However, the Court will grant Plaintiff leave to file an amended complaint. To successfully state a § 1983 claim, Plaintiff must either name the individuals who actually committed the constitutional violations against him as defendants, or provide sufficient allegations for this Court to infer that the injury suffered by Plaintiff was caused by a policy, practice or custom, or a City official with final policy-making authority.

B. State Law Claims

The Court must also dismiss any purported state law claims of assault and battery that Plaintiff seeks to assert against the City. District courts such as this one must generally dismiss a case in which only state law claims remain after a successful motion to dismiss. See *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994) ("the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). Because this case does not present any of the special circumstances that would countenance retaining these claims, and this case is in its very infancy, the Court also dismisses any related state law claims. See generally *Williams Electronics Games, Inc. v. Garrity,* 479 F.3d 904, 906–07 (7th Cir. 2007); *Timm v. Mead Corp.,* 32 F.3d 273, 277 (7th Cir. 1994). Consequently, the Court does not reach the question of whether Plaintiff's allegations demonstrate his claims fall outside the relevant statute of limitations.

---

[4] Although Plaintiff attached two articles regarding the Department of Justice's January 2017 report regarding the Chicago Police Department's "routine[ ] violation of civil rights" to his response, see [24, at 5–12], the Court cannot consider such additional factual material as part of Plaintiff's complaint. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (it is "an axiomatic rule that a plaintiff may not amend his complaint in his response brief"). However, if Plaintiff wishes to add allegations based on these documents to his amended complaint, he may do so.

## IV. Conclusion

For the reasons explained above, Defendant's motion [22] to dismiss is granted. Plaintiff has until February 12 to file an amended complaint provided he can do so consistent with this opinion. This case is set for further status hearing on February 19, 2019 at 9:00 a.m.

Dated: January 15, 2019

Robert M. Dow, Jr.
United States District Judge